KONKAPOT (GRAHAM v.). See Case No. 5,670.

## Case No. 7,925.

### KONOLD v. KLEIN.

[3 Ban. & A. 226; 5 Reporter, 427; 10 Chi. Leg. News, 240; 25 Pittsb. Leg. J. 113.] [1]

Circuit Court, W. D. Pennsylvania. Feb. 11, 1878.

PATENTS—PRESUMPTION OF PATENTABILITY — PRIMA FACIE CASE OF PATENTEE—BURDEN OF PROOF.

1. The grant of a patent is an adjudication, that every fact, which must necessarily appear to entitle the patentee to it, has been established by sufficient proof.

2. As a patent can only be granted upon the conditions prescribed by the statute, the grant of it necessarily involves a finding, by the officer who allows it, of the existence of such conditions, and is, therefore, sufficient primary evidence of everything necessary to support the patentee's title.

3. The exhibition of a patent sufficiently establishes the priority of invention by the patentee of the invention described in it. This evidence is, however, only presumptive, and its truth may be contested; but the presumption stands until it is overthrown by satisfactory counterproof, and the burden of disproof is upon the contestant. Where the proofs, as to the date of making an invention alleged to anticipate that of the complainants, are left in a doubtful condition, the court cannot determine that the presumptive title of the patentee to the invention is overthrown.

[This was a bill in equity by Christian Konold and others against John C. Klein and others for an alleged infringement of patent No. 68,446.]

George Shiras, Jr., for complainants.

M. W. Acheson and C. W. Robb, for defendants.

McKENNAN, Circuit Judge. The grant of a patent is an adjudication, that every fact, which must necessarily appear to entitle the patentee to it, has been established by sufficient proof. Thus, as the statute authorizes the allowance of a patent only for a subject which is patentable, is new and useful, and of which the applicant for it is an original and first inventor, so the grant of it necessarily involves a finding, by the officer who allows it, of the existence of these conditions, and is, therefore, sufficient primary evidence of everything necessary to support the patentee's title. Hence it is that the exhibition of a patent sufficiently establishes the priority of invention by the patentee of the invention described in it. This evidence is, however, only presumptive, and its truth may be contested, but the presumption stands until it is overthrown by satisfactory counter-proof, and so the burden of disproof is upon the contestant.

This is the posture of the parties to this controversy. The complainants are the owners of a patent granted on the 3d of September, 1867, to Christian Konold, for an improved die for swaging mattocks, hoes, etc.

[1] [Reported by Hugert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission. 5 Reporter, 427, contains only a partial report.]

Konold is, therefore, presumably, the first inventor of the die described in it.

While the respondents do not controvert the use, by them, of dies substantially the same as this one, they contest the patentee's priority, averring that John C. Klein, one of the defendants, constructed and used, in the year 1864, two dies of a similar form, and adapted to a like use. Upon them devolves the task of proving this, and, if they have failed to do it, by evidence of satisfactory force and clearness, they have failed to impair the presumption in which the complainants are intrenched.

There is no doubt that dies like the patented device were made by John C. Klein, but when were they made? That is the decisive, and indeed, the only question in the case. If the evidence produced by the respondents is accepted as true, it fully establishes the fact that these dies were made in April, and in May or June, 1864, three years before the date of the Konold patent. But it is confronted by opposing evidence from the books of the firm by whom the dies were confessedly made, and by the foreman who superintended the casting of them, touching the dates of the manufacture of dies for Klein, which must at least impair confidence in the accuracy of the dates testified to by respondents' witnesses, and preclude an absolute acceptance of their statements. In the doubtful condition of the proofs, I cannot determine that the presumptive title of the patentee, to the invention claimed, is overthrown, and there must, therefore, be a decree for complainants for an injunction and an account.